# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
JULIANA OWENS,  *  No. 22-1370V
*on behalf of her minor child, S.O.*  *
   *
   Petitioner,  *
   *  Special Master Christian J. Moran
v.  *
   *  Filed: January 6, 2025
SECRETARY OF HEALTH  *
AND HUMAN SERVICES,  *
   *
   Respondent.  *
* * * * * * * * * * * * * * * * * * * * * * * *

<u>Andrew Donald Downing</u>, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner;
<u>Naseem Kourosh</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On January 2, 2025, the parties filed a joint stipulation concerning the petition for compensation filed by Juliana Owens on September 26, 2022. Petitioner alleged that the varicella vaccine her child S.O. received on February 25, 2021, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused S.O. to suffer from varicella vaccine-strain viral disease, inflammatory exanthem eczema, eczema exacerbation, and/or lichen striatus. Petitioner further alleges that S.O. suffered the residual effects of the condition(s) for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on S.O.'s behalf as a result of S.O.'s condition.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Respondent denies that the vaccine caused or significantly aggravated S.O.'s injuries or any other injury or his current condition. Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**An amount of $15,000.00 to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

JULIANA OWENS,
*on behalf of her minor child*, S.O.,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

No. 22-1370V (ECF)
Special Master Moran

## STIPULATION

The parties hereby stipulate to the following matters:

1. Juliana Owens ("petitioner"), on behalf of S.O., a minor child, filed a petition and two amended petitions for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition and amended petitions seek compensation for injuries allegedly related to S.O.'s receipt of a varicella vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. S.O. received a varicella vaccine on February 25, 2021.

3. The vaccination was administered within the United States.

4. Petitioner alleges that S.O suffered varicella vaccine-strain viral disease, inflammatory exanthem, eczema, eczema exacerbation, and/or lichen striatus as a result of the varicella vaccination. Petitioner further alleges that S.O. experienced the residual effects of his injury or injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on S.O.'s behalf as a result of S.O.'s condition.

Docusign Envelope ID: 33668E22-F3DC-4D35-A640-95A759CAEFA3

6. Respondent denies that the vaccine caused or significantly aggravated S.O.'s alleged injuries or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> An amount of $15,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of S.O., pursuant to which the Life Insurance Company will agree to make payments periodically to S.O. as follows for compensation available under 42 U.S.C. §300aa-15(a):

   a. A lump sum of $5,000.00 on November 14, 2037;

   b. A lump sum of $6,000.00 on November 14, 2038;

   c. A lump sum of $7,000.00 on November 14, 2039; and

   d. A lump sum of $9,135.00 on November 14, 2040.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $15,000.00. In the event that the cost of the annuity set forth above varies from $15,000.00, the payments shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $15,000.00. The periodic payments provided herein shall be made in certain annual payments to S.O. for the period set forth above. Should S.O. predecease any of the certain payments set forth above, any remaining certain payments shall be made to his estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within **twenty (20)** days of S.O.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and

Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States of the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner, as legal representative of S.O., and on behalf of S.O., and petitioner's heirs, executors, administrators, successors, and assigns, does hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for S.O.'s benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

17. Petitioner represents that petitioner presently is, or if necessary will become, authorized to serve as guardian/conservator of S.O.'s estate as may be required under the laws of the State of New York.

18. In return for the payments described in paragraphs 8 and 13, petitioner, in petitioner's individual capacity, and as legal representative of S.O., on behalf of petitioner, S.O., and S.O.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of S.O. resulting from, or alleged to have resulted from, the varicella vaccination administered on or about February 25, 2021, as alleged by petitioner in a petition for vaccine compensation filed on or about September 26, 2022, and amended petitions

for vaccine compensation filed on or about February 27, 2023, and July 22, 2024, in the United States Court of Federal Claims as petition No. 22-1370V.

19. If S.O. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

20. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

21. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

22. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Injury Compensation Program System of Records, No. 09-15-0056.

23. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused S.O.'s alleged injuries, or any other injury or S.O.'s current condition.

Docusign Envelope ID: 33668E22-F3DC-4D35-A640-95A759CAEFA3

24. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of S.O.

**END OF STIPULATION**